UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
ELECTRONICALLY FILED

| | |
|---|---|
| PEERLESS INDEMNITY INSURANCE COMPANY )<br>)<br>-AND- )<br>)<br>CONSOLIDATED INSURANCE COMPANY )<br>)<br>                         *Plaintiffs* )<br>)<br>v. )<br>)<br>SWIFT & STALEY SERVICES, LLC )<br>**Serve:** W.G. Holsapple, Jr. )<br>      1020 Lone Oak Road, )<br>      Paducah, KY 42003 )<br>)<br>-AND- )<br>)<br>SWIFT & STALEY, INC. )<br>d/b/a SWIFT & STALEY )<br>MECAHNICAL )<br>CONTRACTORS, INC. )<br>**Serve**: Charles Leon Owens )<br>      101 Liberty Drive )<br>      Suite 7 )<br>      Kevil, KY 42053 )<br>)<br>-AND- )<br>)<br>WILLIAM G. HOLSAPPLE )<br>**Serve:** 101 Liberty Drive )<br>      Suite 7 )<br>      Kevil, KY 42053 )<br>)<br>-AND- ) | Civil Action No.   5:18-cv-27-TBR |

|  |  |
|---|---|
| PATRICIA HOLSAPPLE<br>**Serve:** 101 Liberty Drive<br>            Suite 7<br>            Kevil, KY 42053<br><br>-AND-<br><br>8 SUNNY SIDE FARMS, LLC<br>**Serve:** WG Holsapple, Jr.<br>            1020 Lone Oak Road<br>            Paducah, KY 42003<br><br>-AND-<br><br>CECILIA NEWBERRY,<br>INDIVIDUALLY AND AS<br>EXECUTRIX OF THE<br>ESTATE OF VAN NEWBERRY<br>**Serve:** Cecilia Newberry<br>            8060 CAIRO RD OLD<br>            Paducah, KY 42086<br><br>            *Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Come the Plaintiffs, Peerless Indemnity Insurance Company and Consolidated Insurance Company (hereinafter collectively, "Peerless" and "Consolidated"), by counsel, and for their complaint for declaratory judgment, against Swift & Staley Services, LLC; Swift & Staley Mechanical Contractors, Inc.; Swift & Staley, Inc.; William G. Holsapple; Patricia Holsapple; 8 Sunny Side Farms, LLC; and Cecilia Newberry, Individually and as Executrix of the estate of Van Newberry, state as follows:

## PARTIES

1. Peerless is a corporation organized and existing under the laws of the Illinois, and having its principal place of business in Boston, Massachusetts.

2. Consolidated is a corporation organized and existing under the laws of the Indiana, and having its principal place of business in Boston, Massachusetts.

3. Upon information and belief, Swift & Staley, LLC, is a Kentucky limited liability company, which its principal place of business in Kentucky.

4. Upon information and belief, Swift & Staley, Inc. d/b/a Swift & Staley Mechanical Contractors, Inc. is a Kentucky corporation with its principal place of business in Kentucky.

5. Upon information and belief, 8 Sunny Side Farms, LLC is a Kentucky limited liability company with its principal place of business in Kentucky.

6. Upon information and belief, the Defendant, William Holsapple resides in Kevil, Ballard County, Kentucky.

7. Upon information and belief, the Defendant Patricia Holsapple resides in Kevil, Ballard County, Kentucky.

8. Upon information and belief, the Defendant Cecilia Newberry resides in Paducah, McCracken County, Kentucky.

## JURISDICTION AND VENUE

9. Peerless and Consolidated file this action under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The matter in controversy exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

11. There is complete diversity of citizenship between Peerless and Consolidated and Defendants Swift & Staley, LLC; Swift & Staley, Inc. d/b/a Swift & Staley Mechanical Contractors, Inc.; 8 Sunny Side Farms; William Holsapple, Patricia Holsapple and Cecilia Newberry.

12. Venue in this district is proper under 28 U.S.C. § 1391(a) and (c).

13. An actual case and controversy exists between the parties involving the rights and obligations of the parties under the business auto and farm liability policies issued by Peerless and Consolidated.

14. Peerless and Consolidated are, therefore, entitled to bring this action for declaratory judgment in this Court.

## FACTUAL ALLEGATIONS

15. Peerless issued the following business auto policy to 8 Sunny Side Farms, LLC (the "Business Auto Policy"): BA1096103, effective April 8, 2016 to April 8, 2017

16. Consolidated issued the following farm liability policy to William G. Holsapple and Patricia Holsapple (the "Farm Policy"): FM1095653, effective from February 16, 2016 to February 16, 2017.

17. Upon information and belief, William Holsapple is an owner and member of 8 Sunny Side Farms, LLC.

18. Upon information and belief, William Holsapple was the manager of Swift & Staley, LLC.

19. Upon information and belief, William Holsapple was President and Director of Swift & Staley, Inc. d/b/a Swift & Staley Mechanical Contractors, Inc.

## THE UNDERLYING CIVIL LAWSUIT

20. On July 28, 2017, Cecilia Newberry filed an amended complaint in the McCracken Circuit Court, Case No. 17-CI-00335, ("the Lawsuit") against William Holsapple, Swift & Staley, Inc. d/b/a Swift & Staley Mechanical Contractors, Inc., and Swift & Staley Services, LLC (collectively "Swift & Staley") relating to damages allegedly arising out of an automobile accident wherein William Holsapple allegedly fatally struck Van Newberry.

21. At the time of the acts described in the Lawsuit, William Holsapple was employed by Swift & Staley.

22. Upon information and belief, at the time of the acts described in the Lawsuit, William Holsapple was operating a 2016 GMC Yukon Denali (the "Yukon").

23. In the Lawsuit, Cecilia Newberry alleges that on or about October 13, 2016, William Holsapple was under impairment which he knew negatively affected his ability to safely operate an automobile, that he acted with malice and gross negligence towards Van Newberry, and was operating an automobile in the course and scope of his employment with Swift & Staley when he fatally struck Van Newberry, who was operating a bicycle. Cecilia Newberry further alleges

she has suffered loss of consortium, loss of society, affection, assistance, and conjugal fellowship as a result of William Holsapple's alleged acts.

24. Cecilia Newberry also requests punitive damages against all defendants named in the underlying suit.

25. Upon information and belief, the parties to the Lawsuit have settled by consent judgment in an undisclosed amount.

26. Upon information and belief, as part of the settlement of the Lawsuit, Cecilia Newberry was assigned an unknown claim against 8 Sunny Side Farm and may be the real party in interest with regard to any coverage determinations.

27. The allegations made by Cecilia Newberry in the Lawsuit fall outside the coverage of the Farm Policy, such automobile accidents are specifically excluded under the Farm Policy, and the provisions excluding coverage contained in the Farm Policy otherwise exclude the damages alleged.

28. The Yukon is not a covered auto under the Business Auto Policy.

29. On February 9, 2018, Peerless and Consolidated issued a letter to Swift & Staley, 8 Sunny Side Farms, and William Holsapple denying coverage for claims asserted by Cecilia Newberry. (The February 9, 2018 letter is attached hereto as Exhibit A).

## THE BUSINESS AUTO POLICY

30. The Business Auto Policy is hereby incorporated by reference, as though fully set forth at this point herein in its entirety. (A copy of the Business Auto Policy is attached hereto as Exhibit B.)

31. The Business Auto Policy limit for liability coverage is $500,000.00.

32. The Business Auto Policy Declarations do not list the Yukon as one of the covered autos.

33. The Business Auto Policy provides in pertinent part:

    **Business Auto Coverage Form**
    [ . . . . ]
    **SECTION II – LIABILITY COVERAGE**

    **A. Coverage**

    We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

    [ . . . . ]

    THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

    CHANGES IN WHO IS AN INSURED

    This endorsement modifies insurance provided under the following:

    BUSINESS AUTO COVERAGE FORM

    With respect to coverage provided by this endorsement or to any amendment to or replacement thereof, the provisions of the coverage form apply unless modified by the endorsement.

    Changes in Section II – Liability Coverage

    A. Paragraph A.1. of Section II Liability in the Business Auto Coverage Form is replaced with the following:

    1. Who Is An Insured

    The following are "insureds":

    a. You for any covered "auto"
    b. Anyone else Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

(1) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
(2) [. . .]
(3) [. . .]
(4) [. . .]
(5) A partner (if you are a partnership), or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

\* \* \*

## THE FARM POLICY

34. The Farm Policy is hereby incorporated by reference, as though fully set forth at this point herein in its entirety. (A copy of the Farm Policy is attached hereto as Exhibit C.)

35. The Farm Policy provides in pertinent part:

**Commercial General Liability Coverage Form**
[. . . .]
**SECTION I - COVERAGES**
**1. Insuring Agreement**
    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. [. . . .]
    **b.** This insurance applies to "bodily injury" and "property damage" only if:
    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

**(2)** The "bodily injury" or "property damage" occurs during the policy period.

[ . . . .]

**2. Exclusions**

This insurance does not apply to:

[ . . . . ]

**g. Aircraft, Auto Or Watercraft**

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading and unloading."

This exclusion does not apply to:

(1) A watercraft while ashore on premises you own or rent;
(2) A watercraft you do not own that is:
   (a) Less than 26 feet long; and
   (b) Not being used to carry persons or property for a charge;
(3) Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured.
(4) Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft;
(5) "Bodily injury" or "property damage" arising out of any of the equipment listed in paragraph f.(2) or f.(3) of the definition of "mobile equipment";
(6) An "auto" or item of "mobile equipment" involved in an "occurrence" on the "farm premises' and not subject to motor vehicle registration by reason of:
   a. Use exclusively on the "farm premises"; or
   b. Being kept in dead storage on the "farm premises."

\* \* \* \*

## COUNT I – DECLARATORY JUDGMENT (BUSINESS AUTO POLICY)

36. Peerless and Consolidated incorporate by reference paragraphs 1 through 35 as if fully set forth at this point herein in their entirety.

37. Pursuant to the terms of the Business Auto Policy, Peerless is obligated to defend an "insured" and provide coverage for sums that in "insured" becomes legally

obligated to pay as damages because of "bodily injury" or "property damage" caused by an "occurrence."

38. An insured is defined as the named insured when occupying a covered auto.

39. The Business Auto Policy specifically excludes a member of the named insured limited liability company for a covered "auto" owned by him from the definition of an insured.

40. Pursuant to the terms of the Business Auto Policy, neither Swift & Staley nor Holsapple is an "insured" because he was not occupying a covered auto and because the Yukon was owned by Holsapple.

41. Peerless is not required to defend or pay damages for bodily injury caused by someone who is not an "insured," as that term is defined in the Business Auto Policy.

42. "Bodily injury" is defined by the Business Auto Policy as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Van Newberry allegedly suffered bodily harm, and therefore brought the Lawsuit against Holsapple and Swift & Staley for damages because of "bodily injury," as that term is defined in the Business Auto Policy.

43. Therefore, Peerless hereby seeks a declaration from the Court that, Holsapple and Swift & Staley are not "insureds" and that Peerless has no duty to defend or indemnify Holsapple or Swift & Staley in the Lawsuit under the Business Auto Policy.

## COUNT II – DECLARATORY JUDGMENT (FARM POLICY)

44. Peerless and Consolidated incorporate by reference paragraphs 1 through 43 as if fully set forth at this point herein in their entirety.

45. The Farm Policy provides that Consolidated will pay on behalf of the insured those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" to which that insurance applies.

46. The liability coverage applies to "bodily injury" and "property damage" only if the occurrence takes place in the coverage territory.

47. The alleged accident occurred outside of the coverage territory.

48. Therefore, Consolidated hereby seeks a declaration from the Court that, based on the policy language described herein, there is no coverage for Holsapple or 8 Sunny Side Farms, LLC under the Farm Policy.

## COUNT III – DECLARATORY JUDGMENT (FARM POLICY)

49. Peerless and Consolidated incorporate by reference paragraphs 1 through 48 as if fully set forth at this point herein in their entirety.

50. The Farm Policy specifically excludes from coverage wherein "bodily injury" or "property damage" arises out of use of any auto operated by any insured.

51. The Yukon involved in the subject accident is an "auto" under the Farm Policy.

52. Cecilia Newberry's injuries arose from Holsapple's use of an auto.

53. Therefore, Consolidated hereby seeks a declaration from the Court that, based on the policy language described herein, there is no coverage for Holsapple or 8 Sunny Side Farms, LLC under the Farm Policy.

WHEREFORE, the Plaintiffs, Peerless Indemnity Insurance Company and Consolidated Insurance Company, by counsel, pray and demand as follows:

1. A declaration that Peerless Indemnity Insurance Company is not obligated to provide a defense to Defendant William G. Holsapple for claims asserted by Cecilia Newberry, individually and as executrix of the estate of Van Newberry in the Lawsuit under the Business Auto Policy;

2. A declaration that Peerless Indemnity Insurance Company is not obligated to indemnify Defendant Swift & Staley Services, LLC for claims asserted by Cecilia Newberry, individually and as executrix of the estate of Van Newberry in the Lawsuit under the Business Auto Policy;

3. A declaration that Peerless Indemnity Insurance Company is not obligated to indemnify Defendant Swift & Staley, Inc. d/b/a Swift & Staley Mechanical Contractors, Inc. for claims asserted by Cecilia Newberry, individually and as executrix of the estate of Van Newberry in the Lawsuit under the Business Auto Policy;

4. A declaration that Consolidated Insurance Company is not obligated to indemnify Defendant William G. Holsapple for claims asserted by Cecilia Newberry, individually and as executrix of the estate of Van Newberry in the Lawsuit under the Farm Policy;

5. A declaration that Consolidated Insurance Company is not obligated to indemnify Defendant 8 Sunny Side Farms, LLC for claims asserted by Cecilia

    Newberry, individually and as executrix of the estate of Van Newberry in the Lawsuit under the Farm Policy;

6. Otherwise declare all rights and obligations of Peerless Indemnity Insurance Company and Consolidated Insurance Company, if any, under the Policies;

7. An award of costs and attorneys' fees, if applicable; and

8. Any other relief as this Court may deem proper and just.

    Respectfully Submitted,

/s/Aida Almasalkhi
Charles H. Cassis, Esq.
Aida Almasalkhi, Esq.
Goldberg Simpson, LLC
Norton Commons
9301 Dayflower Street
Prospect, Kentucky 40059
ccassis@goldbergsimpson.com
aalmasalkhi@goldbergsimpson.com
PH: (502) 589-4440 / FAX: (502) 581-1344
*Counsel for Plaintiffs*